**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00405-NYW

BILLY F. MAY,

    Plaintiff,

v.

GEORGE SANTINI, and
FRANK CORDOVA,

    Defendants.

---

**OPINION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on the following motions:

(1)    Plaintiff's Motion for Summary Judgment [#14, filed Apr. 17, 2015];

(2)    Defendants' Motion to Dismiss [#23, filed June 23, 2015];

(3)    Plaintiff's Motion for Leave of Court to File a First Amended Complaint [#31, filed July 2, 2015];

(4)    Defendants' Motion to Dismiss [#32, filed July 6, 2015]; and

(5)    Plaintiff's Motion for a Hearing Regarding Sanctions for the Bureau of Prisons Retaliatory Action [#35, filed Oct. 19, 2015].

Pursuant to 28 U.S.C. § 636(c) and the Order of Reference dated June 3, 2015 [#25], this action is assigned to the Magistrate Judge for all matters, including disposition. The court stayed discovery in this matter pending resolution of the present motions. [#28; #34]. The court has

carefully reviewed of the Motions and related briefing, the entire case file, and the applicable case law, and has determined that oral argument will not materially assist in the resolution of these pending motions. Accordingly, the court now turns to analysis of each of the pending motions.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Billy May filed a *pro se* prisoner complaint in this case on February 27, 2015 while incarcerated at the Federal Prison Camp ("FPC") in Florence, Colorado. [#1]. At the court's direction to refile using the appropriate form, Mr. May filed an Amended Complaint on March 16, 2015, asserting claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). [#4]. The Amended Complaint encompasses two separate claims and names as Defendants the Federal Bureau of Prisons ("BOP"), George Santini, and Frank Cordova. Defendant George Santini ("Defendant Santini" or "Dr. Santini") is a medical doctor, and Defendant Frank Cordova ("Defendant Cordova" or "Mr. Cordova") is a certified nurse practitioner. [#27 at 1-2]. Both individual Defendants treated Mr. May during his time at the FPC. [*Id.*].

Mr. May's first claim is that due to his refusal to take the medication Ivermectin, which prison officials were administering to inmates due to a scabies outbreak, he was removed from the FPC and placed in the Special Housing Unit ("SHU"), otherwise known as the "hole," for 28 days. [#4 at 3]. During that time, Mr. May claims that he was denied medical treatment. [*Id.*]. He states that Defendants' actions violated his constitutional rights, including his right to due process and the prohibition of cruel and unusual punishment under the Eighth Amendment. [*Id.* at 8, 10]. He also alleges that the BOP's actions were not in compliance with the Supreme

Court's decision in *Washington v. Harper*, 494 U.S. 210 (1980), which he states prohibits involuntary administration of medication to prisoners. [*Id.*]. Mr. May's second claim is that his constitutional rights were violated because Defendants Cordova and Santini refused to treat his severe allergies and provide him Benadryl and an EpiPen to counter allergy attacks. [*Id.* at 9]. Mr. May states that he has suffered Anaphylaxis shock three times in his life due to his allergies and has been told that if he suffers a fourth episode his survival rate without medication is only about twenty percent. [*Id.* at 9]. Mr. May's requested relief includes immediate release from incarceration and damages of $10,000 per day for each day that he was wrongfully incarcerated in solitary confinement. [*Id.* at 6].

On March 19, 2015, the Honorable Lewis T. Babcock entered an order to dismiss in part and to draw the case. [#7]. In that order, the court dismissed Mr. May's claims against the BOP because any *Bivens* claims for damages against the BOP are barred by sovereign immunity. [*Id.* at 2]. In addition, the court found that any request for injunctive relief against BOP subordinate officials is impermissible, because an injunction against the individuals is essentially an injunction against the BOP to which the agency has not waived sovereign immunity. [*Id.*]. Accordingly, the only claims remaining in the Amended Complaint are Mr. May's claims against Defendants Cordova and Santini, in their individual capacities. [*Id.*].

Mr. May filed a Motion for Summary Judgment on April 17, 2015. [#14]. He argues that he is entitled to judgment as a matter of law because the BOP violated its own written policies and standards regarding treatment of a prison who refuses to take a prescribed medication. [#14 at 3]. He alleges that there was no justification or legal basis to incarcerate him the "hole" for 28 days for refusing to take the Ivermectin medication which BOP attempted

3

to administer to him as part of its efforts to treat a scabies outbreak at FPC. [*Id.*]. Defendants respond in opposition to the Motion for Summary Judgment that there is no evidence in the record to support a claim that they violated Mr. May's constitutional rights by placing him in the Special Housing Unit as punishment for his refusal to take Ivermectin and that his placement there was in the nature of quarantine, not punishment. [#27 at 2]. They also argue that Mr. May's claim about being denied adequate medical care because Defendants denied access to an EpiPen and Benadryl must fail because this amounts to a difference of opinions concerning medical treatment that does not rise to the level of an Eighth Amendment violation. [*Id.* at 6].

Defendants filed a Motion to Dismiss on June 1, 2015. [#23]. In the Motion to Dismiss, they argue that the Amended Complaint should be dismissed because Mr. May fails to allege their personal participation in the events that he claims give rise to the constitutional violations at issue in this case. In his Response to Motion to Dismiss and Reply in Support of Summary Judgment filed on July 2, 2015, Mr. May responds by including several allegations regarding Defendant Cordova's participation and arguing that the court should grant him leave to file an amended complaint. [#30 at 1, 5]. He concurrently filed a Motion for Leave of Court to File a First Amended Complaint[1] ("Motion to Amend"). [#31].

Through the Motion to Amend, Mr. May seeks to dismiss Dr. Santini as a Defendant and add Juan Segovia, the former administrator of the FPC, as a Defendant. [*Id.*]. Mr. May further states that he seeks to amend his complaint to address Defendants' arguments in the Motion to Dismiss and plead personal participation of Mr. Cordova and Mr. Segovia. [*Id.*]. Mr. May also

---

[1] While Mr. May styles his Motion as one for leave to file a First Amended Complaint, he has already amended his complaint once. Therefore, it is more appropriate for any amended pleading to refer to a "Second Amended Complaint."

4

proposes amending his Amended Complaint to eliminate his second claim regarding access to Benadryl and an EpiPen and add allegations against Mr. Segovia regarding his decision to place Mr. May in the SHU for refusing to take Ivermectin. [#31-1].

Defendants filed a second Motion to Dismiss on July 6, 2015. [#32]. It is not entirely clear to the court why Defendants filed the second Motion to Dismiss, or to which pleading it is directed. The court had not granted leave to Mr. May to file his proposed Second Amended Complaint, and Defendants did not seek leave to amend their original Motion to Dismiss. In addition, the second Motion to Dismiss does not appear directed at the proposed Second Amended Complaint [#31-1], because it is filed on behalf of Defendants Santini (who would be dismissed pursuant to the Second Amended Complaint) and Cordova but not Defendant Segovia, and contains the same arguments as the first Motion to Dismiss, along with a declaration of Mr. Cardova stating that all of his actions with regard to Mr. May were done in performance of a medical or related function within the scope of his employment as a commissioned officer with the Public Health Service stationed at United States Penitentiary-Administrative Maximum, Florence, Colorado. [#32-1].

On October 19, 2015, Mr. May filed a Motion for a Hearing Regarding Sanctions for the Bureau of Prisons Retaliatory Actions filed on October 19, 2015. [#35]. He states that he requests a hearing to address inadequate medical treatment for an issue with his left eye and the BOP's decision to hold him at FPC after his projected August 12, 2015 release date. [*Id.*]. This last claim is not pled in either the Amended Complaint, or proposed Second Amended Complaint. In addition, Mr. May has not filed an additional motion to amend his complaint. Finally, it appears that Mr. May has released from BOP custody. [#40].

## ANALYSIS

### I. Motion for Summary Judgment

#### A. Legal Standard

The standard for summary judgment is well established. Summary judgment is appropriate upon a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The question of which facts are material is governed by the substantive law relating to the plaintiff's claims. *Id.* at 248. A dispute over a material fact is "genuine" when the evidence is such that a reasonable jury could find for the non-movant. *Id.* "Only disputes over facts that might properly affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. *Shapolia v. Los Alamos Nat'l. Lab*, 992 F.2d 1033, 1036 (10th Cir. 1993).

The court must view the facts in the light most favorable to the non-movant and allow the non-movant the benefit of all reasonable inferences to be drawn from the evidence. *See, e.g.*, *United States v. O'Block Oak*, 788 F.2d 1433, 1435 (10th Cir. 1986). The court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the non-movant for a finder of fact to return a verdict in that party's favor. *Anderson*, 477 U.S. at 249. The court therefore performs a threshold inquiry determining whether a trial is necessary. *Id.* at 250.

Because Mr. May appears before the court *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). This rule "applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (citations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also Firstenberg v. City of Santa Fe, New Mexico*, 696 F.2d 1018, 1024 (10th Cir. 2012) ("[T]he generous construction" that is afforded pro se pleadings has limits, and the court "must avoid becoming the plaintiff's advocate.") (citation omitted).

Because the Amended Complaint was sworn under penalty of perjury, *see* [#4 at 8], the court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997). Where the court treats a verified complaint as an affidavit, it must be mindful of "the principle that conclusory allegations without specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks and citation omitted); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).") (internal quotation marks and citation omitted).

### B. Plaintiff's Claim Regarding Placement in the Special Housing Unit

Mr. May argues that he is entitled to summary judgment on liability on his first claim as a matter of law because the BOP violated its own written policies and the standards set forth by the

Supreme Court regarding treatment of a prisoner who refuses to take a prescribed medication. [#14 at 3]. He also argues that there was no justification or legal basis to incarcerate him the "hole" for 28 days due to his refusal to take the Ivermectin medication issued to prisoners to combat the scabies outbreak at the FPC. [#14 at 3]. Mr. May's constitutional claim on these allegations is based on the Supreme Court's decision in *Washington v. Harper*, 494 U.S. 210 (1990). *Washington v. Harper* recognizes that "the forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty," thus, triggering the protections of the Due Process Clause. *Id.* at 221-22. Mr. May argues that upon his refusal to take Ivermectin, his due process rights should have been protected by allowing him a hearing rather than forcing him into the "hole" without any recourse for him to get out other than taking the medication. [#14 at 2]. He also alleges that his placement in the hole was cruel and unusual punishment in violation of the Eighth Amendment.

In a *Bivens* action, a plaintiff has a private right of action for damages against federal officers that violate the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). To prevail on a *Bivens* claim, a plaintiff must show that each defendant violated that constitutional right through his "own individual actions," because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 676).

The following are facts pertaining to Mr. May's claim relating to the Ivermectin incident which Mr. May presents in his Amended Complaint and Defendants do not dispute in their opposition to the Motion for Summary Judgment. On December 2, 2014, inmates at the FPC

were required to take an oral prescription medication, Ivermectin, to treat an outbreak of scabies that had affected a large number of inmates at the facility. [#4 at 7]. Mr. May refused to take the medication because he was concerned that he would have an adverse reaction to the medication. [#4 at 10]. However, he was threatened by Camp Administrator Segovia that there would be consequences if he refused to take the medication. [#4 at 10]. Subsequently, Mr. May experienced seizure symptoms on at least four occasions and was administered injections of Benadryl to treat the apparent allergic reaction caused by the Ivermectin. [#4 at 10].

On or about December 9, 2014, the BOP again administered Ivermectin to the entire camp population as continuing treatment for the scabies outbreak. [#4 at 10]. In this instance, because of his previous allergic reactions, Mr. May refused to take the medication. [#4 at 10]. The BOP medical staff admonished Mr. May that he was in violation of their prescribed treatment, but they did not force him to take the medication against his will and did not take punitive action against him. [#4 at 10].

On or about January 8, 2015, the Defendants required for a second time that every inmate take Ivermectin to treat scabies. [#4 at 10]. Mr. May again refused to take the medication because of his previous reaction to the medication and the fact that he had not been individually examined, tested, or diagnosed with scabies by any medical provider. [#4 at 10]. Upon his refusal, Mr. May was physically removed from the FPC and placed in the SHU. [#4 at 10].

Defendants argue that there is a genuine dispute as to whether Defendants personally participated in confining Mr. May to the SHU. [#27 at 4]. In support of this argument, Defendants Dr. Santini and Mr. Cordova submit declarations in which they both state that they

9

had no involvement in the decision to place Mr. Santini in the SHU. [#27-1 at ¶ 18; #27-2 at ¶ 13]. Defendants argue that Mr. Juan Segovia, Acting Executive Assistant at the FCC, was the individual who made this decision. *See* [#27-3 at ¶ 6]. Mr. May responds to this argument by stating that when he refused to take the Ivermectin on January 8, 2014, Defendant Cordova stated "May, shut up and take the pills," and told him to "take the pills or go to the hole." [#30 at 2]. Mr. May also states that Mr. Cordova visited him on January 13, 2015 while he was in the hole and asked him "How do you like your new digs?" [#30 at 2]. When Mr. May responded that being in the hole was better than having another allergic reaction, Mr. May alleges that Mr. Cordova said: "You are in the 'Hole' because you defied me. You will be charged and shipped out from the Camp." [#30 at 2].

The court finds based on the foregoing that there is a genuine dispute of material fact over whether either of the two currently-named Defendants personally participated in the decision to place Mr. May in the "hole" due to his refusal to take Ivermectin, particularly in light of Mr. May's proposed Second Amended Complaint [#31-1]. As Mr. May noted in his Motion to Amend [#31], Dr. Santini swears under oath that Dr. Santini had no personal involvement in the decision to place Mr. May in the hole. Furthermore, the arguments and declarations Mr. May presents for the first time in his reply brief regarding Mr. Cordova's involvement in the events at issue directly contradict Mr. Cordova's sworn declaration. Accordingly, there is a genuine dispute over the material fact of whether Mr. Cordova personally participated in the

constitutional violation Mr. May alleges in this claim, and summary judgment in Mr. May's favor is inappropriate.[2]

Based on the foregoing, the court finds that summary judgment in Mr. May's favor is inappropriate at this time because he has failed to establish necessary elements of his claim, including that the currently-named Defendants personally participated in the alleged constitutional violation.

### C. Plaintiff's Claim Regarding Denial of Access to Benadryl and an EpiPen

The court notes that although Defendants argued in opposition to summary judgment on Mr. May's claim regarding alleged denial of access to Benadryl and an EpiPen, Mr. May limits his Motion for Summary Judgment to his claim regarding the Ivermectin incident. *See* [#30 at 5]. In addition, Mr. May's proposed Second Amended Complaint omits this claim and dismisses Dr. Santini. [#31-1]. Accordingly, the court finds that summary judgment on the claim regarding access to Benadryl and EpiPen is not appropriate.

## II. Motion to Amend the Complaint

Although the court held a scheduling conference on June 8, 2015, the court did not enter a Scheduling Order. [#26]. Where a Scheduling Order has not been entered, a plaintiff's motion to amend the complaint is considered under the standard set out in Fed. R. Civ. P. 15. Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Refusing leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies

---

[2] At this time, because the denial of summary judgment is based on a genuine dispute over Defendants' personal participation in the events at issue, the court declines to pass on the substance of Mr. May's due process and Eighth Amendment allegations.

by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). A general presumption exists in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice. *Jefferson County Sch. Dist. No. R-1*, 175 F.3d at 859.

Mr. May seeks to amend his complaint to address objections to the Complaint raised by the government in its Motion to Dismiss. [#31]. He states that his proposed amendments are based on the declarations filed by Dr. George Santini, Nurse Practitioner Frankie Cardova, and former Camp Administrator Juan Segovia in support of Defendants' opposition to his Motion for Summary Judgment. [*Id.*]. Mr. May also represents that based on the declarations of those individuals, he would like to drop Dr. Santini as a Defendant and add Mr. Segovia as a Defendant. [*Id.*]. It also appears that Mr. May omits his second claim regarding access to Benadryl and an EpiPen from the proposed amended complaint. Mr. May previously amended his complaint at the outset of the case at the direction of the court to use the court's current form. [#3 at 2; #4]. Mr. May has made no other amendments to the complaint.

There is no Scheduling Order entered and discovery has not commenced. Accordingly, the Motion to Amend is timely and Defendants are, at most, only minimally prejudiced given the court's stay. The court also notes that Defendants have not filed an opposition to the Motion to Amend. Moreover, the court finds that good cause exists for the proposed amendments because

they provide more factual details regarding the alleged personal participation of the two individuals Mr. May now names as Defendants, Mr. Segovia and Mr. Cardova. Accordingly, the court grants Mr. May's motion to amend the complaint. The court will further direct the Clerk of the Court to docket the attached pleading as Mr. May's Second Amended Complaint, which is identical to Mr. May's proposed "First Amended Complaint" docketed at [#31-1], with the title of the pleading changed only to reflect that it is a second, rather than first, amendment. In addition, consistent with its obligations under D.C.COLO.LCivR 8.1(b) and 28 U.S.C. § 1915(e)(2)(B), the court clarifies that any cause of action asserted against Mr. Segovia is in his individual capacity, as an official capacity claim cannot lie against him for the same reasons as set forth by Judge Babcock in the Order to Dismiss and Draw [#7].

### III.  Motions to Dismiss

Because the court grants Mr. May leave to amend his complaint, it denies both of Defendants' pending Motions to Dismiss [#23, #32] as moot as neither seems directed at the Second Amended Complaint. *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *AJB Props., Ltd. v. Zarda Bar-B-Q of Lenexa, LLC*, No. 09-2021-JWL, 2009 WL 1140185, at *1 (D. Kan. April 28, 2009) (finding that amended complaint superseded original complaint and "accordingly, defendant's motion to dismiss the original complaint is denied as moot"); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' motions to dismiss are "technically moot because they are directed at a pleading that is no longer operative"). Defendants may proceed with filing the appropriate responsive

pleading or motion to the Second Amended Complaint, as provided for by the Federal Rules of Civil Procedure.

## IV.     Motion for Hearing

On October 19, 2015, Mr. May filed a Motion for a Hearing Regarding Sanctions for the Bureau of Prisons' Retaliatory Actions ("Motion for a Hearing"). [#35]. In the Motion for a Hearing, Mr. May alleges that he is suffering from severe medical problems with his left eye and that as of the date of the Motion, he has not been seen or treated for his chronic and serious medical condition. [*Id.* at 1]. He also states that although the BOP authorized and approved his release for August 12, 2015, it nevertheless has kept him incarcerated at the FPC. [*Id.* at 2]. Mr. May requests a hearing to determine whether the BOP has been improperly retaliating against him for filing this lawsuit. [*Id.*].

Mr. May's request for a hearing regarding sanctions does not name Dr. Santini, Mr. Cordova, or Mr. Segovia or allege that any of them participated in the denial of medical treatment for his left eye or the decision to keep him at the FPC after his approved release date. [*See generally id.*]. Mr. May asks only that the court conduct a hearing to determine whether the BOP has taken improper actions. [*Id.* at 2]. Because the BOP is not a party to this case and the eye problems Mr. May complains of do not relate to the claims in this case, the court denies Mr. May's Motion for a Hearing. In addition, any injunctive relief that Mr. May sought pursuant to the hearing would likely be moot due to his release from BOP custody. *McAlpine v. Thompson*, 187 F.3d 1213 (1999).

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) The Motion for Summary Judgment [#14] is **DENIED**;

(2) The Motion for Leave of Court to File a First Amended Complaint [#31] is **GRANTED**;

(3) The Clerk of the Court is **DIRECTED** to **FILE** the Second Amended Complaint as attached to this Opinion and Order and serve a copy of the Second Amended Complaint on Juan Segovia, former Camp Administrator at FPC Florence;

(4) The Motion to Dismiss [#23] and Motion to Dismiss [#32] are **DENIED AS MOOT** and the appropriate Defendants will respond to the Second Amended Complaint according to the Federal Rules of Civil Procedure;

(5) The Motion for a Hearing Regarding Sanctions for the Bureau of Prisons' Retaliatory Actions for a Hearing [#35] is **DENIED**; and

(6) A Status Conference is set to discuss the schedule for and discovery needed on **March 22, 2016 at 10:00 a.m**. in courtroom C-204, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294. Please be advised that all individuals seeking access to the courthouse must have valid identification. **To the extent that Plaintiff wishes to participate by telephone, he is directed to file a Motion for Leave to Appear by Telephone no later than three days prior to the conference**; and

(7) The Clerk of the Court will send a copy of this Order to the following:

Billy May
6600 West Highway 29
Burnet, TX 78611

DATED: January 19, 2016            BY THE COURT:

                                             s/Nina Y. Wang_____
                                             United States Magistrate Judge